Dear Mr. Bruneau: to the Audit by the Legislative Auditor.
You have requested the opinion of this office on the following questions regarding the Board of Commissioners of the New Orleans City Park Improvement Association:
1) Is the Park Board subject to the Public Records Law?
 2) Is the Park Board subject to the Public Bid and Public Contracts Law?
 3) Is the Board subject to the Open Meetings Law and, if so, are committees of the Board subject to this Law?
4) Is the Board subject to the Code of Ethics Law?
5) Is the Board subject to audit by the Legislative Auditor?
 6) Are the provisions of Section 7 of Act 130 of the 1896 Regular Session of the Legislature still in effect?
Act No. 130 of the 1896 Regular Session of the Louisiana Legislature placed the New Orleans City Park under the control and management of the New Orleans City Park Improvement Association. Under the provisions of § 5 of Act No. 130, the Association is empowered to make and adopt such by-laws, rules and regulations for the government of City Park as it may deem necessary or proper, to elect and appoint such officers, committees and employees as it may
The provisions of Act No. 30 of 1896 are still in effect. Act. No. 30 of 1896; Act. No. 104 of 1934; Act. No. 492 of 1958; R.S. 42:4.1-12; R.S.38:2211 et seq.; R.S. 44:1 et seq.; R.S. 42:1101 et seq.; R.S. 24:513A. consider proper, and to prescribe and define their respective, duties, authority and the amount of their compensation. In Act No. 104 of the 1934 Regular Session of the Legislature, § 71, the New Orleans City Park Improvement Association was again recognized as the agent of the State of Louisiana to manage and control the New Orleans City Park. See also, Act No. 492 of the 1958 Regular Session of the Louisiana Legislature.
Whether the Board of Commissioners of the New Orleans City Park Improvement Association is subject to the Public Records and Open Meetings Laws depends on whether the Association is a public body as defined in these laws. Similarly, if the Association is a "public entity" as defined in the Public Bid and Contracts Law, its public works and purchases of materials and supplies must be advertised and let by contract to the lowest responsible bidder in accordance with the provisions of R.S. 38:2211 et.seq.
This office is of the opinion that the Board of Commissioners of the New Orleans City Park Improvement Association is a public body as defined in the Public Records and Open Meetings Laws and must therefore adhere to the provisions of both the Public Records Act and the Open Meetings Law.
The Louisiana Public Records Act, R.S. 44:1 et.seq., defines a public body as follows:
 As used in the Chapter the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function.
Under the provisions of Acts 130 of 1896 and 104 of 1934 the New Orleans City Park Improvement Association is an agency or instrumentality of state government empowered to perform governmental and proprietary functions. As such its records are public records as defined in R.S. 44:1A(2).
A similar definition of public body is found in the Open Meetings Law, R.S. 42:4.1-12. As amended 1981 First Extraordinary Session of the Louisiana Legislature. For the purposes of the Open Meetings Law:
 (2) "Public body" means village, town, and city governing authorities; parish governing authorities; school boards, and boards of levee and port commissioners, boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions including any committee or subcommittee of any of these bodies enumerated in this Paragraph."
R.S. 42:4.2A(2). The Board of Commissioners of the City Park Improvement Association clearly possesses policy making, advisory, or administrative functions. Accordingly, the Board, as well as committees thereof, must comply with the Open Meetings Law.
The Public Bid and Public Contracts Law requires public entities to advertise and let by contract to the lowest responsible bidder certain public works and purchases of material or supplies. R.S. 38:2211A(1) reads, in pertinent part, as follows:
 "Public entity" means and includes the State of Louisiana, or any agency, board, commission, department or public corporation of the state, created by the constitution or statute or pursuant thereto, or any political subdivision of the state . . ."
The Board of Commissioners of the City Park Improvement Association falls within this definition of public entity and as a public entity it is subject to the Public Bid and Public Contracts Law.
The Louisiana Code of Governmental Ethics, R.S. 42:1101 et.seq., is designed to protect against conflicts between the private interests of a public employee and his duties as such. It also establishes ethical standards with respect to the conduct of public employees. R.S. 42:1102(18) defines the term "public employee", thusly by:
 (18) "Public employee" means anyone, whether compensated or not, who is:
 (a) An administrative officer or official of a governmental entity who is not filling an elective office.
 (b) Appointed by any elected official when acting in an official capacity, and the appointment is to a post or position wherein the appointee is to serve the governmental entity or an agency thereof, either as a member of an agency, or as an employee thereof.
(c) engaged in the performance of a governmental function.
 (d) Under the supervision or authority of an elected official or another employee of the governmental entity.
This definition unquestionably encompasses those comprising the Board of Commissioners of the New Orleans City Park Improvement Association. The Board as well as other employees of the Association must therefore abide by the provisions of the Code of Governmental Ethics.
The Legislative auditor is empowered to examine and audit the books and accounts of all public boards and commissions, or any agency of the state or any public official or employee. R.S. 24:513A. As the New Orleans City Park Improvement Association is an agency of the state, its books and accounts and those of its Board may be examined and audited by the Legislative auditor.
Pursuant to § 7 of Act No. 130 of the 1896 Regular Session of the Legislature, the New Orleans City Park Improvement Association is required to make to the City Council of New Orleans an annual report of the amount of funds received and how and where such funds have been expended or disbursed.
This statute mandates a biennial report of the same character to the Legislature. Section 7 of Act No. 130 of 1896 has never been repealed or amended. It is therefore the opinion of this office that its provisions still have full force and effect.
I trust that this opinion satisfies your request and if this office can ever be of assistance to you in the future, please do not hesitate to contact me.
Sincerely yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
WJG, Jr./RCD/jh